NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**JACK N. NICHOLS,**
*Petitioner,*

**v.**

**MERIT SYSTEMS PROTECTION BOARD,**
*Respondent.*

---

2013-3027

---

Petition for review of the Merit Systems Protection Board in No. DA0831110519-I-1.

---

Decided: July 16, 2013

---

JACK N. NICHOLS, of Bentley, Louisiana, pro se.

LINDSEY SCHRECKENGOST, Attorney, Office of the General Counsel, Merit Systems Protection Board, of Washington, DC, for respondent. With her on the brief were JAMES M. EISENMANN, General Counsel, and KEISHA DAWN BELL, Deputy General Counsel.

---

Before PROST, CLEVENGER, and LINN, *Circuit Judges.*

PER CURIAM.

Jack N. Nichols ("Nichols") appeals a decision of the Merit Systems Protection Board ("Board") dismissing his appeal. *Nichols v. Office of Pers. Mgmt.*, No. DA-0831-11-0519-I-1 (MSPB Sept. 6, 2012) (Final Order) ("*Final Order*"); *Nichols v. Office of Pers. Mgmt.*, No. DA-0831-11-0519-I-1 (MSPB Aug. 9, 2011) (Initial Decision) ("*Initial Decision*"). Because the Board did not abuse its discretion or otherwise err in dismissing the case, this court affirms the decision of the Board.

BACKGROUND

In June of 2011,[1] Nichols appealed to the Board the decision of the Office of Personnel Management ("OPM") "that determined he received an overpayment of his Civil Service Retirement System . . . disability retirement annuity in the amount of $10,028.43." *Initial Decision*, slip op. at 1. Nichols also appealed his involuntary retirement, which was separately docketed before the Board. On June 10, 2011 the administrative judge ("AJ") issued an Acknowledgement Order indicating that "unless [Nichols] amended his appeal to show that OPM had issued a 'final decision', his appeal would be dismissed." *Initial Decision* at 2. Nichols did not respond.

In its response to the Acknowledgement Order, OPM reported that it had made an initial decision, that Nichols subsequently requested reconsideration, and that OPM

---

[1]    There is some disagreement between the Board's decisions as to the precise filing date of the appeal. *Compare Initial Decision*, slip op. at 1, 3, 5 (indicating that Nichols filed his appeal on June 3, 2011), *with Final Order*, slip op. at 2 (indicating that Nichols filed his appeal on June 7, 2011). As this small discrepancy does not affect the outcome of the case, this court does not address it.

ultimately upheld the initial decision and made it final in a decision dated February 7, 2011. Based on OPM's response, the AJ recognized that a final decision had in fact been made, but remarked that Nichols did not file his appeal until 116 days after the date of the final OPM decision. OPM noted that the final OPM decision provided Nichols notice of his appeal rights and notice that he had thirty calendar days after OPM's decision or Nichols's receipt of the decision, whichever was later, to file his appeal. The AJ then issued an Order to Show Cause Regarding Timeliness reiterating the time limit for an appeal, describing when and under what circumstances the time limit can be waived, and inviting Nichols to show that his appeal was timely or that there was good cause for the delay. Nichols did not respond on the timeliness issue.

As a result, the AJ dismissed Nichols's appeal as untimely. Nichols filed a petition for review, which the Board observed did not challenge the findings that the appeal was untimely and that Nichols did not show good cause. Instead, the Board noted that the petition for review argued on the merits that Nichols did not receive an overpayment because the account to which the payment was allegedly made was closed. The Board found that the arguments on the merits were irrelevant to timeliness. The Board concluded that the Initial Decision properly dismissed Nichols's appeal and denied the petition for review.

## DISCUSSION

Nichols once again argues the merits of his case, asserts that he is paying back money that he never received, and seeks the money he asserts he never received. Nichols also refers to being given different addresses and being passed to different individuals, the relevance of which is uncertain. What he does not argue is why the

Board's decision on his untimely appeal should be over-turned.

The government argues that the Board considered all the relevant facts, applied the correct law, and properly concluded that Nichols's appeal was untimely and that he did not demonstrate good cause for the untimeliness. The government argues that the final OPM decision provided notice of the time limit for an appeal, that the Order to Show Cause Regarding Timeliness provided notice of what was necessary to show good cause, and that Nichols did not present evidence to warrant waiver of the time limit.

With certain exceptions, "an appeal must be filed no later than 30 days after the effective date, if any, of the action being appealed, or 30 days after the date of the appellant's receipt of the agency's decision, whichever is later." 5 C.F.R. § 1201.22(b)(1). "If a party does not submit an appeal within the time set by statute, regulation, or order of a judge, it will be dismissed as untimely filed unless a good reason for the delay is shown." § 1201.22(c). "The appellant has the burden of proof, by a preponderance of the evidence, with respect to . . . [t]he timeliness of the appeal . . . ." 5 C.F.R. § 1201.56(a)(2)(ii). "We must affirm the Board's decision to deny a good cause waiver of the subsection 1201.22(b) filing deadline in this case unless the decision is '(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence.'" *Walls v. Merit Sys. Prot. Bd.*, 29 F.3d 1578, 1581 (Fed. Cir. 1994) (quoting 5 U.S.C. § 7703(c)).

The Board's decision in this case to dismiss based on untimeliness of the filing of the appeal is not an abuse of discretion. Furthermore, this court identifies no procedural defect or lack of substantial evidence to support the

decision. Here, the Board properly found that the delay was significant, that Nichols was notified of the time limit for filing, and that Nichols provided neither an explanation for the untimely filing nor a reason to waive the time limit.

Nichols's arguments on the merits do not address the procedural grounds on which the Board dismissed his case. Even if we construe Nichols's other arguments as now attempting to explain the lateness of his filing, these arguments come too late and should have been raised before the Board. *See Bosley v. Merit Sys. Prot. Bd.*, 162 F.3d 665, 668 (Fed. Cir. 1998) ("A party in [a Board] proceeding must raise an issue before the administrative judge if the issue is to be preserved for review in this court. Thus, if the party fails to raise an issue in the administrative proceeding or raises an issue for the first time in a petition for review by the full Board, this court will not consider the issue.").

For the foregoing reasons, this court affirms the decision of the Board.

**AFFIRMED**

COSTS

Each party shall bear its own costs.